VENANCIO PÉREZ RIVAS, Plaintiff and Appellant, *v.* ALFREDO HAEUSSLER, Defendant and Appellee.

No. 9212.  Argued March 1, 1946.—Decided March 29, 1946.

---

*Diego O. Marrero* and *Eduardo Cuchí Coll* for appellant. The appellee did not appear.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

Appellant instituted in the lower court a proceeding to try title based on the following facts: That the plaintiff, claimant (*tercerista*) herein, by a public deed of March 10, 1945, purchased a rural property, described in the complaint, and that upon presenting it for record in the registry, he found that on March 13, 1945, an attachment on said house had been recorded in an action brought by Alfredo Haeussler, defendant in the proceeding to try title, against Enrique Germán, for the collection of a promissory note. Plaintiff prayed for a judgment ordering the cancellation of the attachment, inasmuch as his title to the property was acquired prior to the levying of the attachment, and the latter being a personal right, plaintiff could not be prejudiced by said attachment, despite the fact that it had been levied prior to the recordation of the deed of sale. The defendants in the proceeding to try title did not appear, whereupon their default was entered, and the plaintiff moved that the case be included in the special calendar of June 29, 1945, in order that the court should render the proper judgment. On this latter date the case was called for trial. Plaintiff in the proceeding to try title appeared through his attorney but defendant fail to appear. Since the attorney for the claimant deemed it unnecessary to present any evidence, due to the nature of the

averments of the complaint, and as the court did not require it, he submitted his case without evidence. The court took the case under advisement and, on July 9 following, rendered judgment dismissing the complaint, precisely because plaintiff had not introduced any evidence to support it. From said judgment the plaintiff took the present appeal.

■■ The question raised by appellant is governed by Rule 55 of the Rules of Civil Procedure, which in its pertinent part reads thus:

"(a) Entry.—When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default.

"(b) Judgment.—Judgment by default may be entered as follows:

"(1) By the Clerk.—When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if he has been defaulted for failure to appear and if he is not an infant or incompetent person.

"By the Court.—In all other cases the party entitled to a judgment by default shall apply to the court therefor; . . . . . If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages *or to establish the truth of any averment by evidence* or to make an investigation of any other matter, the court may conduct such hearings as it deems necessary and proper or refer the matter to a *master*." (Italics ours.)

The essential facts of the complaint, to wit: the date of the deed of sale whereby plaintiff purchased the property and that of the presentation of the order of attachment in the registry of property, appear in the public records. If we consider that pursuant to Rule 11 of the Rules of Civil Procedure the signature of an attorney constitutes a certificate by him that the pleading is well grounded, and if we take into account that the defendant by his default impliedly accepted

the truth of the facts alleged in the complaint, it seems it was unnecessary to hear such evidence. But assuming that the lower judge desired to hear it, he should have so required plaintiff instead of taking the case under advisement and ultimately dismissing the complaint.

It is evident that the complaint is sufficient, for the attachment levied after the execution of the deed of sale could in no manner prejudice the rights of the purchaser of the house, though the entry of attachment took place prior to the presentation of the deed of sale in the registry of property. *La Sociedad Española de Auxilio Mutuo y Beneficencia et al.* v. *Rossy,* 17 P.R.R. 77 and *Hernández* v. *Iglesias,* 58 P.R.R. 409. Since appellant's right to the judgment prayed for is so manifest, we are of opinion that it will serve no useful purpose to remand the case to the lower court to hear evidence, especially where the defendant in the proceeding to try title did not appear in this court to uphold the judgment.

For the reasons stated the judgment appealed from must be reversed and another rendered instead granting the complaint in the proceeding to try title, and consequently ordering the Registrar of Property of San Juan, (First Section), to cancel the entry of attachment levied on the property described in the complaint in civil case No. 4795, Alfredo Haeussler *v.* Enrique Germán, with costs on the defendant.